**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Sanjib Chakraborty,**<br>**Debtor .**<br><br>**U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST,**<br><br>**Movant,**<br>**v.**<br>**Sanjib Chakraborty,**<br>**Debtor/Respondent,**<br>**Mrinalini Chakravarthy,**<br>**Debtor/Respondent,**<br>**KENNETH E. WEST,**<br>**Trustee/Additional Respondent.** | **Bankruptcy No. 26-11047-amc**<br><br>**Chapter 13** |

**ORDER OF COURT GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**

AND NOW, this day of , 2026, upon consideration of U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST's Motion for Relief from Automatic Stay, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301, any response thereto and that it is not necessary for an effective reorganization, it is hereby

ORDERED, that the automatic stay provisions of Section 362 of the Bankruptcy Code are hereby unconditionally terminated with respect to U.S. BANK TRUST NATIONAL

ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST; and it is further

ORDERED, that U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, its successors and/or assignees be entitled to proceed with appropriate state court remedies against the property located at 2524 Stoneybrook Lane, Drexel Hill, Pennsylvania 19026, including without limitation a sheriff's sale of the property, and it is further

ORDERED that U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST's request to waive the 14-day stay period pursuant to Fed.R.Bankr.P. 4001(a)(4) is granted, and it is further

ORDERED that the Chapter 13 Trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or Order to the contrary, Movant must return to the Trustee any payments received from the Trustee on account of Movant's secured claim after entry of this Order.

BY THE COURT

________________________________
Hon. Judge Ashely M. Chan
U.S. Bankruptcy Court Judge